# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     :
                                      :

     v.                           :

                                         :     ID No. 1407004778

DALE GUILFOIL,         :     7TH OFF DUI (F)

                                         :

     Defendant.         :

## ORDER

Submitted: April 14, 2022
Decided: May 12, 2022

On this 12th day of May 2022, having considered Defendant Dale Guilfoil's Motion for Postconviction Relief, the Commissioner's Report and Recommendation (the "Report"), Mr. Guilfoil's untimely filed appeal of the Report, and the record in this case, it appears that:

1. On June 3, 2015, a jury found Mr. Guilfoil guilty of one count of Driving Under the Influence of Alcohol. After the jury's verdict, the Court ordered a presentence investigation. When sentencing him for a seventh offense, the Court imposed fifteen years of incarceration, suspended after six-years, to be followed by one year of Level III probation.

2. Immediately after the Department of Correction conditionally released Mr. Guilfoil from his original sentence, he absconded. Probation and Parole apprehended him, and the Court found him in violation of his probation and resentenced him.[1] After completing the Level V portion of that first violation sentence, he violated his probation and conditional release a second time.[2] At a June 2019 hearing addressing the second violations, Mr. Guilfoil admitted them.

---

[1] D.I. 52.
[2] D.I. 62.

He did not appeal the revocation of his conditional release or his probation, but he later appealed a corrected sentencing order intended to ensure that he completed previously ordered substance abuse treatment.[3] On appeal, the Supreme Court remanded the matter and directed the Superior Court to resentence him for his second violation of probation.[4] After the new sentence, Mr. Guilfoil filed another direct appeal.[5] The Delaware Supreme Court then affirmed his new sentence.[6]

3. After Mr. Guilfoil's unsuccessful direct appeal after remand, he filed this postconviction relief motion. The Court referred it to a commissioner for a recommended disposition.[7]

4. While the Commissioner considered the motion, Mr. Guilfoil completed the Level V portion of the sentence he now challenges. As a result, before the Commissioner issued the Report, Mr. Guilfoil was again released on probation. In short order after his release from Level V, Probation and Parole charged him with a third violation of probation because he continued using alcohol and drugs, he continued to drive illegally, and he refused to engage in treatment.[8] On March 4, 2022, the Court found him to be in violation a third time.[9] On that day, the Court resentenced him to an additional unsuspended eighteen months at Level V, followed by one year at Level IV.[10] The Level V and IV portions of his sentence are subject to suspension after he completes rehabilitative programming at each

---

[3] D.I. 68.
[4] *Guilfoil v. State*, 234 A.3d 160, 2020 WL 3096746, at *2 (Del. June 10, 2020) (TABLE); D.I. 86.
[5] D.I. 91. By the time the Court resentenced Mr. Guilfoil upon his second violation of probation, he had already served all conditional release time.
[6] *Guilfoil v. State*, 241 A.3d 219, 2020 WL 6498679, at *2 (Del. Nov. 4, 2020) (TABLE).
[7] D.I. 111.
[8] D.I. 121; D.I. 122; D.I. 125.
[9] D.I. 127.
[10] D.I. 128.

level.[11]

5.  Approximately two weeks after the Court issued its new sentence, the Commissioner issued her Report addressing the previous violation of probation sentence. In her Report, she explained why she recommends that the Court deny his motion on both procedural and substantive grounds.

6.  Within a few days of when the Commissioner issued the Report, Mr. Guilfoil wrote the Court. In his letter, he explained that upon release "I will enjoy my right to drink a cold beer" regardless of the amount of treatment the Court orders.[12] He also inquired about the status of his previously filed motion for postconviction relief.[13]

7.  Several weeks later, Mr. Guilfoil attempted to appeal the Report, well after the ten-day deadline provided by court rule.[14] Accordingly, his appeal is untimely. Nevertheless, in the alternative, even if the Court were to consider it, his filing raises no issues apart from those that the Commissioner correctly addressed.[15]

8.  In the Court's review, it has considered the Report, the parties' positions, and the record. It denies Mr. Guilfoil's motion for postconviction relief on two bases. First, the Commissioner fully and correctly addressed Mr. Guilfoil's arguments in her Report. Second, independent of the Commissioner's analysis, the sentence he challenges no longer exists. Namely, after the Court found him to be in violation of probation a third time, it revoked his probation and resentenced him. Accordingly, his motion is moot because his current sentence supersedes the one

---

[11] D.I. 128.

[12] D.I. 131.

[13] *Id.*

[14] *See* Super. Ct. Civ. R. 132(a)(4)(ii) (requiring the appeal to be filed within ten days of receipt). The Commissioner issued her report on March 15, 2022, and the Court mailed it to Mr. Guilfoil on that day. D.I. 130. Mr. Guilfoil sought to file his appeal on April 14, 2022. D.I. 132.

[15] D.I. 132.

he seeks to challenge.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, a review of the Commissioner's Report and Recommendation dated March 15, 2022, and a full consideration of Mr. Guilfoil's position:

**IT IS HEREBY ORDERED** that the Court adopts the Commissioner's Report and Recommendation attached as Exhibit "A" in its entirety. Mr. Guilfoil's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED** (1) for the reasons set forth in that Report, and (2) because his motion is moot because of his subsequent sentencing.

_____
Resident Judge

JJC/klc

oc:  Prothonotary
cc:  The Honorable Andrea M. Freud
     Kristin M. Dewalt, Esquire
     Dale Guilfoil, *pro se*, SCI

4

# Exhibit A

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RECEIVED AND FILED

| | |
|---|---|
| STATE OF DELAWARE | : I.D. No. 1407004778 |
| | : In and For Kent County |
| v. | : |
| | : KENT COUNTY |
| | : PROTHONOTARY |
| | : |
| DALE GUILFOIL, | : RK1-07-0163-01 7th OFF DUI (F) |
| | : |
| Defendant. | : |

2022 MAR 15 A 10: 56

KENT COUNTY PROTHONOTARY

## COMMISSIONER'S REPORT AND RECOMMENDATION

**Upon Guilfoil's Motion For Postconviction Relief Pursuant To Superior Court Criminal Rule 61**

Kristin M. DeWalt, Esq., Department of Justice for *State of Delaware*

Dale Guilfoil, *pro se*

FREUD, Commissioner
March 15, 2022

On June 3, 2015, Dale Guilfoil ("Guilfoil") was found guilty as charged following a jury trial, of one count of Driving Under the Influence of Alcohol 7th Offense, 21 *Del. C.* § 4177 (d)(8). The court ordered a presentence investigation and on July 28, 2015, the court sentenced Guilfoil to fifteen years of incarceration, suspended after six years incarceration for Level III probation. A timely notice of

130

appeal was filed with the State Supreme Court. The Supreme Court affirmed Guilfoil's conviction and on March 11, 2016.[1]

On November 19, 2018, shortly after his release from incarceration, on a conditional release, Guilfoil was found guilty of violating his probation due to his never reporting to probation following his release from Level V. Guilfoil was sentenced to incarceration suspended immediately for Level III Probation. On June 5, 2019, Guilfoil's probation officer filed an administrative warrant with the court, requesting that a conditional release and violation of probation hearing be scheduled due to Guilfoil's non-compliance with his probation. The court set Guilfoil's bail at $10,000 cash only and the hearing was held on June 28, 2019. Guilfoil admitted to being in violation of his probation. The court revoked his conditional release and found Guilfoil in violation of his probation. The "notes" section of the sentencing order court provided that Guilfoil was required to complete the Key program while at Level V, but did not specify whether that requirement applied to the conditional release revocation or the VOP.

On July 22, 2019, the Department of Corrections ("DOC") sent a letter to the Superior Court advising that there was insufficient time in Guilfoil's sentence to allow completion to the Key program while he was at Level V. DOC requested that the court accept completion of the Reflections program instead of Key. The Superior

---

[1] *Guilfoil v State* 2016 WL 943760 (Del. Mar. 11, 2016)

Court denied the request and on August 5, 2019, issued a corrected VOP sentence order. Under the August 5, 2019, order, Guilfoil was required to remain at Level V until he successfully completed the Key program.

Guilfoil filed an untimely notice of appeal from the June 28, 2019, sentencing order on August 5, 2019. He filed an amended notice of appeal from the August 5, 2019, order on August 22, 2019. On appeal, Guilfoil challenged the July 22, 2019, VOP finding and the August 5, 2019, corrected sentencing order. The State argued that the Superior Court did not err in finding Guilfoil had violated his probation, but conceded that the Superior Court erroneously entered the August 5, 2019 order without holding a hearing at which Guilfoil had the opportunity to be present with counsel.

The Supreme Court held that Guilfoil's failure to file a timely notice of appeal from the June 28, 2019, VOP proceedings precluded appellate review of his claims challenging the VOP finding.[2] The Court noted that the August 5, 2019, order appeared to increase the Level V time that Guilfoil would be required to serve, and Guilfoil was not present when the court imposed that sentence.[3] Accordingly, the Court vacated the August 5, 2019 sentencing order and remanded the matter for further proceedings in the Superior Court.[4]

---

[2] *Id.* at *2
[3] *Id.*
[4] *Id.*

3

The Superior Court held a hearing on July 2, 2020. Guilfoil's counsel, a DOC counselor, and Guilfoil informed the court that he was close to completing the Key program before he was removed in June for unspecified disciplinary infractions. Guilfoil also told the court that he hoped to maintain his sobriety with Vivitrol medication. The Superior Court modified Guilfoil's VOP sentence to seven years and ten months of Level V incarceration, suspended for one year of Level IV Crest, suspended after successful completion for one year of Level III intensive outpatient treatment. The sentence for the conditional release violation remained unchanged, with a maximum release date of July 5, 2020.[5]

Next, Guilfoil filed a timely appeal for the July 2, 2020 re-sentencing. The Supreme court affirmed Guilfoil's sentence stating:

> In his opening brief, Guilfoil argues that he did not receive notice of the July 2, 2020, hearing and that the Superior Court is punishing him for alcoholism. He also continues to challenge the June 28, 2019, VOP findings. These arguments are without merit.
> The transcript of the July 2, 2020, hearing reflect that the Superior Court wished to hold a hearing promptly in light of this Court's June 10, 2020, order and the expiration of Guilfoil's conditional release sentence on July 5, 2020. The transcript also reflects that Guilfoil spoke with his counsel before the hearing. Guilfoil's counsel informed the court that Guilfoil consented to proceedings by video in light of the COVID-19 emergency. The Superior Court asked Guilfoil to confirm that he wished to proceed by video that day, and Guilfoil affirmed that was the case. Under these circumstances, Guilfoil waived any objections to the notice of the July 2, 2020, hearing. He has also failed to show that he suffered any prejudice from a lack of notice.

---

[5] Guilfoil v. State, Del Supra., No 237, 202, Nov.4, 2020

4

Contrary to Guilfoil's contentions, the Superior Court is not punishing him for his alcoholism. The Superior Court originally sentenced Guilfoil to fifteen years of Level V incarceration, suspended after six years for his *seventh* DUI offense. Once Guilfoil committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his sentence. The July 2, 2020, sentence did not exceed the Level V time previously suspended. The Superior Court could also impose alcohol treatment as a condition of Guilfoil's sentence. The Superior Court's imposition of alcohol treatment was reasonable in light of Guilfoil's DUI conviction and self-admitted struggles to remain sober while on probation. Finally, as this Court previously held, Guilfoil's failure to file a timely notice of appeal from the June 28, 2019, VOP proceedings preclude appellate review of his challenges to the underlying VOP finding.[6]

Next, Guilfoil filed, *pro se*, the pending Motion for Postconviction Relief pursuant to Superior court Criminal Rule 61.

In his motion Guilfoil raise three grounds for relief:

| | |
|---|---|
| Ground one: | No copies of violation or charges were provided to the Movant. |
| Ground two: | No bail hearing before Judge after arrest. Movant states that he was held for six-days without bail. After which time, the movant states his bail was signed in chambers. |
| Ground three: | Ineffective assistance of counsel. Movant states the Public Defender did not speak to him until twenty-minutes before the VOP hearing and the attorney was unaware of the details of the case. |

---

[6] *Id.*

Under Delaware law the Court must consider the procedural requirements of Superior Court Criminal Rule 61(i) before addressing the merits of any postconviction relief claim. Guilfoil failed to raise any of his grounds for relief at the hearing of the violations of probation, at his sentencings or on direct appeal to the Supreme Court. His claims are therefore barred by Rule 61(i)(3) absent a demonstration of both cause and prejudice. Guilfoil gives no reason for failing to raise his first or second grounds for relief earlier. Nor does he suggest any prejudice. Therefore, these claims are clearly barred by Rule 61 (i)(3). Only Guilfoil's third claim for relief alleges cause by claims his attorney was ineffective. However, Guilfoil makes only a cursory allegation of ineffective assistance of counsel but fails to say what more counsel could have done given that the violation of probation was not contested. Furthermore, there was no right to counsel at a violation of probation hearing absent a showing of a substantial reason against the revocation, which Guilfoil has in no way alleged. His claim of ineffective assistance of counsel is therefore clearly procedurally barred by Rule 61 (i)(3). Notwithstanding, the procedure bars, I will briefly address Guilfoil's claims.

6

First, Guilfoil claims that his rights were violated under 11 *Del.C.* § 4334 and Rule 32.1 of the Delaware Superior Court Criminal Rules.[7] Title 11 Section 4334(c) provides,

> Upon such arrest and detention, the Department shall immediately notify the court and ***shall submit in writing a report showing in what manner the probationer has violated the conditions of probation or suspension of sentence.*** Thereupon, or upon arrest by warrant as provide in subsection (b) of this section, ***the court shall cause the probationer to be brought before it without unnecessary delay, for a hearing on the violation charge.*** The hearing may be informal or summary. If the violation is established, the court may continue or revoke the probation or suspension of sentence and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed, (Citation italicized and bolded).

On June 5, 2019, the Probation Department filed a Conditional Release Administrative Warrant with bail set at $5,000 cash only and Probation Administrative Warrant with bail set at $5,000 cash only, for a total bail of $10,000 cash only. On that same date, the Court scheduled Guilfoil's Violation of Probation Hearing for June 28, 2019. A Conditional Release and Violation of Probation Reports were filed by Guilfoil's assigned probation officer on June 11, 2019. Accordingly, the requirements have been met and there has been no violation of Guilfoil's rights under 11 Del. C. § 4334.

---

[7] Guilfoil also claims that his rights were violated under Rule32.1 of the Federal Rules of Criminal Procedure. The State declines to respond to this contention as this Court lacks federal jurisdiction and the Federal Rules of Criminal Procedure are not applicable in the instant matter

Next, Guilfoil asserts that his rights were violated under Superior Court Criminal Rule 32.1. Superior Court Criminal Rule 32.1 provides that when an offender has committed an alleged violation of probation and is held in custody as a result, the offender "shall be brought without unreasonable delay before a committing magistrate or a judge of Superior Court for the purpose of fixing bail and, if not released on bail, shall be afforded a prompt hearing..."[8] The offender must also be given, *inter alia*, written notice of the alleged violation.[9]

Guilfoil was given notice of the alleged violation by and through his Counsel. In his affidavit, Counsel confirms that he was provided with a copy of the Reports and he discussed same with Guilfoil prior to the VOP Hearing, but that he did not provide Guilfoil with a copy.

Bail was assessed by the Court in chambers and was set at $10,000 cash only. A bail hearing was not held because an administrative warrant, not a Capias was issued by the Court. Additionally, Guilfoil was promptly scheduled for a VOP Hearing on June 28, 2019. Guilfoil's rights were not violated under Superior Court Criminal Rule 32.1.

Specifically, Guilfoil claims that he received ineffective assistance of counsel because (1) counsel did not speak to him until twenty (20) minutes prior to the VOP

---

[8] Superior Court Criminal Rule 32.1
[9] *Id.*

8

Hearing; (2) counsel knew nothing about Guilfoil's case; and (3) counsel did not object to the probation officer's failure to appear for the VOP Hearing.

Defense Counsel cannot recall how long he spoke to Guilfoil but adopts the assertion that they spoke for approximately twenty (20) minutes about Guilfoil's VOP and Violation of Conditional Release. In speaking with Counsel, Guilfoil admitted that he was in violation of his probation and the two discussed possible resolutions. Counsel represents that he reviewed both Reports filed with the Court, as well as prior Sentencing Orders, and had spoke with Guilfoil's assigned probation officer prior to the VOP Hearing. Additionally, Counsel spoke with the probation officer covering VOP hearings that day and received a more favorable recommendation than what was previously recommended in the VOP Report. Finally, Defense counsel indicated that he did not object to the assigned probation officer's absence because Guilfoil did not contest the alleged violation and likewise, Guilfoil did not request a contested VOP Hearing. As indicated previously, hearsay is admissible in a VOP hearing. Accordingly, the assigned probation officer's presence was not necessary at the Hearing.

Guilfoil admitted that he tested positive for cocaine while on probation and conceded that he needed substance abuse treatment.[10] It is clear from the record that

---

[10] See Exhibit A, Tr. 7:3; 8:2.

Guilfoil was in violation of his probation and conditional release, and that Counsel was well prepared to proceed with Guilfoil's VOP Hearing.

Guilfoil failed to meet his burden, and more specifically, the *Strickland* analysis. Other than mere accusations, Guilfoil fails to set forth any basis in which Counsel's action would be below that of a reasonable professional. Moreover, the Guilfoil fails to establish any probability that but for Counsel's alleged errors, his VOP Hearing would have resulted in a different outcome. Guilfoil has clearly failed to meet his burden, his claims should be denied as procedurally barred and meritless.

In conclusion, I recommend the court deny Guilfoil's motion for postconviction relief as procedurally barred and meritless pursuant to Superior Court Criminal Rule 61 (i)(3).

Commissioner Andrea M. Freud

AMF/jan

oc:  Prothonotary
cc:  Hon. Jeffrey J. Clark
Kristen M. DeWalt, DAG
Anthony J. Capone, Public Defender
Dale Guilfoil, *Pro Se*